**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Margaret Branscomb, | ) | No. CV 08-1328-PHX-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Group USA, Inc.; et al., | ) ) ) | |
| Defendants. | ) ) ) | |

      The Court granted Defendant's Motion for Summary Judgment on September 23, 2010. (Doc. 122.) Plaintiff filed a Motion to Alter or Amend the Judgment (Doc. 125) on October 21, 2010. Plaintiff moved pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the summary judgment and moved pursuant to Federal Rule of Civil Procedure 62(b)(3) to stay the judgment until the Court disposes of the Motion.

      Plaintiff may seek reconsideration of the Court's summary judgment ruling by filing a Rule 59(e) motion. *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988). A Rule 59(e) motion seeks a "substantive change of mind by the court." *Id*. (internal citation omitted). "A Rule 59 motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McQuillion v. Duncan*, 343 F.3d 1012, 1014 (9th Cir. 2003)(quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)(en banc)).

      The Court ordinarily will deny a motion for reconsideration absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. L.R.Civ.P. 7.2(g). No motion for

1 reconsideration may repeat any oral or written argument made by the movant in support of
2 or in opposition to the motion that resulted in the Order that the movant wants the Court to
3 reconsider. *Id.* Repeating arguments in a motion to reconsider may be grounds for denying
4 the motion. *Id.*

5       Plaintiff does not present any new evidence in her Motion, nor does she point to an
6 intervening change in the law. She argues that the Court committed clear error when it
7 granted summary judgment to Defendant. Specifically, Plaintiff argues the Court: erred in
8 finding that Defendant's false representation to the Arizona Department of Economic
9 Security was a mistake; was manifestly unjust to consider some of Defendant's
10 "unauthenticated" evidence without considering Plaintiff's evidence; erred in disregarding
11 the Plaintiff's evidence of pretext; and erred by relying on inadmissible evidence.

12       The Court has reviewed the Plaintiff's Rule 59(e) Motion and the Court's summary
13 judgment Order. The Court finds that it did not commit clear legal error in its earlier Order.
14 The Court therefore will deny the Rule 59(e) Motion to Alter or Amend the Summary
15 Judgment. The Court, however, will make the clarifications listed below:

16 • The Court did not make a finding in the summary judgment Order that Defendant
17    made a mistake when it filled out the DES form indicating that Plaintiff had quit.
18    Rather, the Court noted that Plaintiff had not demonstrated that someone at Defendant
19    made a knowing representation. (Doc. 122, pp.6 & 12, "The fact that someone may
20    have told the Arizona DES, mistakenly *or otherwise*, that Plaintiff quit does not make
21    Defendant's proffered reasons for termination less credible.").

22 • The Court did not make a finding, nor did it need to make a finding to grant summary
23    judgment, that Plaintiff was not a good seamstress. Nor did the Court find that
24    Plaintiff did not have any satisfied customers. Rather, the Court found that Defendant
25    had presented sufficient evidence that *Defendant* believed she was not meeting
26    expectations and that is why Defendant terminated her. Defendant correctly points
27    out in its Response to the Rule 59(e) Motion that in discrimination cases, the Court
28    does not act as a super-personnel department. *Odima v. Westin Tucson Hotel Co.*, 991

F.2d 595, 602 (9th Cir. 1993)("The district court must not substitute its own judgment about whether the employment decisions were wise, or even fair, for that of the employer.")

- The Court considered all the evidence presented by the parties. The Court did not ignore Plaintiff's evidence. Rather, the Court found that Plaintiff did not present evidence specific and substantial enough to create an issue of fact on pretext.

- The Court does not need to be overly concerned with whether the parties presented evidence in an admissible format at the summary judgment stage if the content of the evidence would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)("[W]e need not decide whether the diary itself is admissible. It would be sufficient if the contents of the diary are admissible at trial, even if the diary itself may be inadmissible. At the summary judgment state, we do not focus on the admissibility of the evidence's form.").

- Complaints by Plaintiff's customers are not hearsay because the complaints are not being offered to prove the truth of the matters asserted therein – that Plaintiff's performance was poor. Instead, the complaints are offered to show Defendant's knowledge of customer complaints when it decided to terminate Plaintiff.

Having made those clarifications,

**IT IS HEREBY ORDERED** Denying Plaintiff's Rule 59(e) Motion to Alter or Amend the September 23, 2010 Judgment (Doc. 125). It is further ordered denying the Motion to Stay Judgment Pursuant to Rule 62(b)(3) (Doc. 125) as moot.

DATED this 13th day of December, 2010.

James A. Teilborg
United States District Judge